# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANNE E. GUSEWELLE, )
)
        Plaintiff, )
)
v. )
) Case No. 14-2182-CM
JACQUELINE A. BERRIEN, )
Chair of the Equal Employment )
Opportunity Commission, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

Plaintiff Anne E. Gusewelle brings this action under the Rehabilitation Act, claiming that her employer—the Equal Employment Opportunity Commission ("EEOC")—discriminated against her on the basis of her disability. Plaintiff is a senior trial attorney with the EEOC. She asserts that she has a disability that prevents her from performing the essential functions of her current position. Plaintiff believes, however, that she is qualified and able to work as a mediator for the EEOC. She asked the EEOC to transfer her to a vacant mediator position as a reasonable accommodation for her disability. The EEOC responded with a counteroffer of proposed reasonable accommodations—not including transfer to the mediator position. Because the open mediator position was scheduled to close in April 2014, plaintiff filed this case and a motion for a temporary restraining order (Doc. 3), asking the court to order the EEOC to keep the mediator position open while the parties complete an interactive process. The EEOC responded (in part) by moving to dismiss the complaint (Doc. 16). In its motion, the EEOC contends that the court lacks jurisdiction over the case because plaintiff has not yet exhausted her administrative remedies.

-1-

The issue before the court is whether plaintiff's failure to exhaust her administrative remedies deprives this court of jurisdiction to hear her claim (and more immediately, her motion for a temporary restraining order). In the Tenth Circuit, administrative exhaustion is a jurisdictional prerequisite to suit. *Woodman v. Runyon*, 132 F. 3d 1330, 1341 (10th Cir. 1997) (stating that Title VII's jurisdictional exhaustion requirement also applies to Rehabilitation Act claims (citations omitted)); *Johnson v. Orr*, 747 F.2d 1352, 1356–57 (10th Cir. 1984) ("[I]n enacting § 794a(a)(1), providing that for remedies, procedures and rights set forth . . . to redress handicap discrimination by federal agency employers, it is evident that Congress intended to invoke . . . the requirement that a claimant exhaust administrative remedies before filing suit in federal court." (internal citations and quotation marks omitted)). Plaintiff acknowledges this general rule, and does not contend that she has administratively exhausted her remedies. Instead, plaintiff asks the court to apply an exception to the exhaustion requirement: an exception mentioned by the Tenth Circuit in *Hawkins v. Defense Logistics Agency of the Department of Defense*, No. 95-6441, 1996 WL 606469, at *2 (10th Cir. Oct. 23, 1996). She also cites cases from other circuits that have considered a request for injunctive relief despite lack of administrative exhaustion. (*See* Doc. 21 at 3–4 (citing *Wagner v. Taylor*, 836 F.2d 566, 571 (D.C. Cir. 1987); *McGinnis v. U.S. Postal Serv.*, 512 F. Supp. 517, 522 (N.D. Cal. 1980).) The Tenth Circuit, however, has explicitly and implicitly rejected the analysis of these cases. The case of *Knopp v. Magaw*, 9 F.3d 1478 (10th Cir. 1993), is directly on point and requires that the court dismiss this case for lack of subject matter jurisdiction.

In *Knopp*, the district court granted a preliminary injunction prohibiting a federal agency from transferring an employee until his employment discrimination claim was resolved. 9 F.3d at 1478. The Tenth Circuit reversed, reasoning that the "relief sought in both claims essentially is identical . . . and judicial involvement at this point clearly disrupts the balance contemplated by Congress.

Preservation of judicial resources as well as the orderly administration of agency law are 'best served by adherence to the straight-forward statutory command.'" *Id.* at 1479 (citation omitted). In so holding, the Tenth Circuit rejected the theory that the court should exercise jurisdiction "in that limited class of cases in which irreparable injury would otherwise result, and the likelihood of ultimate success on the merits has been established." *Id.* at 1479–80 (citation and internal quotation marks omitted). *Knopp* observed that this reasoning would impermissibly merge the jurisdictional inquiry with the question of whether injunctive relief is appropriate. *Id.* at 1480.

Plaintiff attempts to avoid the holding of *Knopp* by applying language found in *Hawkins*. In *Hawkins*, the district court dismissed the case for lack of subject matter jurisdiction. 1996 WL 606469, at *1. Ultimately, the Tenth Circuit affirmed this decision. *Id.* at *2. But the Tenth Circuit also discussed an exception to the exhaustion requirement:

> As plaintiff notes, however, this court has acknowledged that, notwithstanding its jurisdictional character, the principle of administrative exhaustion "is not indiscriminately applied to block judicial action in every circumstance where a litigant has failed to explore his administrative avenues of relief." *New Mexico Ass'n for Retarded Citizens v. New Mexico*, 678 F.2d 847, 850 (10th Cir. 1982). More specifically, we have recognized an exception based on considerations of delay and consequent prejudice: "Nor will exhaustion of administrative remedies be required where it would result in irreparable harm. This is especially true where time is crucial to the protection of substantive rights and administrative remedies would involve delay." *Martinez v. Richardson*, 472 F.2d 1121, 1125 n.10 (10th Cir. 1973). Plaintiff invokes this exception, but we deem it inapposite for several reasons.

*Id.*

In rejecting the exception identified in *Martinez*, *Hawkins* expressly relied on *Knopp*, quoting the portion of *Knopp* that held that "'subject matter jurisdiction must attach before the court may exercise its equitable powers.'" *Id.* (quoting *Knopp*, 9 F.3d at 1479–80). *Hawkins* distinguished *Martinez* by noting that *Martinez* considered an "extraordinary situation." *Id.* First, *Martinez* involved "a valid constitutional challenge to the procedures of the very agency presiding over the administrative

-3-

process the plaintiffs would have been required to exhaust." *Id.* Second, the *Martinez* administrative procedure was described as "long," "tedious," and "grossly inadequate." *Id.* Finally, *Martinez* involved an "imminent threat of death." *Id.*

The same reasoning applied in *Hawkins* also applies here. The instant case does not present an "extraordinary situation." It does not involve a valid constitutional challenge, a grossly inadequate administrative procedure, or an imminent threat of death. Instead, this case involves an allegation of discrimination, an interactive administrative process,[1] and a vacant job position that may be filled before the procedure is completed. But plaintiff may refile this case after exhaustion. If, at that time, she shows actionable discrimination, and the EEOC has filled the mediator position, the court has the ability to craft appropriate remedies. These remedies may include both equitable and monetary relief.

For all of the above reasons, the court dismisses the case without prejudice for lack of subject matter jurisdiction. This dismissal applies to plaintiff's claim for injunctive relief as well as her claim for damages.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 16) is granted. The case is dismissed without prejudice, and the hearing set for May 28, 2014, is cancelled.

Dated this 23rd day of May, 2014, at Kansas City, Kansas.

                                                    s/Carlos Murguia
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**

---

[1] Plaintiff alleges in her First Amended Complaint that the EEOC "refused to engage in the interactive process about the proposed transfer." (Doc. 13 at 5.) Yet an April 15, 2014 letter from the EEOC indicates otherwise. In the letter, the EEOC did not grant plaintiff's request, but it proposed alternate accommodations, thereby engaging in the interactive process. Declining to immediately agree to transfer is not the same as declining to discuss options for reasonable accommodation.